**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RONNIE MONEY COLEMAN, | Case No. 3:19-cv-00754-JAD-CLB |
| Plaintiff, | |
| v. | **ORDER** |
| DENNIS HOMAN, *et al.,* | |
| Defendants. | |

Before the court is Plaintiff Ronnie Money Coleman's ("Coleman") motion for leave to amend complaint (ECF No. 22).[1] Defendants Dennis Homan and Melina Castro (collectively referred to as "Defendants"), filed a limited non-opposition to the motion (ECF No. 23), and Coleman did not reply. For the reasons discussed below, the motion to amend complaint (ECF No. 22) is granted.

I.    **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Coleman is an inmate in the custody of the Nevada Department of Corrections ("NDOC"). On December 19, 2019, Coleman filed a civil rights complaint under 42 U.S.C. § 1983 for events that occurred while Coleman was incarcerated at the Ely State Prison ("ESP"). (ECF No. 4.) On November 3, 2019, the District Court entered a screening order on Coleman's complaint (ECF No. 3), allowing Coleman to proceed on a Fourteenth Amendment due process claim against Defendants based on placement in administrative segregation after being found guilty of a disciplinary charge. (*See id.* at 4-6.) Specifically, Coleman alleged that he did not receive a hearing within 30 days of his infraction. (*Id.*)

---

[1]    Coleman filed another motion for leave to amend, but did not attach a copy of the proposed amended complaint. (*See* ECF No. 15.) Because Coleman filed the subsequent motion with his proposed amended complaint attached, the court denies as moot the motion for leave to amend filed on December 22, 2020 (ECF No. 15). Coleman also filed a motion for status check before he filed the current motion to amend. (*See* ECF No. 20.) The motion for status check is denied as moot in light of this order.

1
2
3

The District Court dismissed, without prejudice, an Eighth Amendment conditions of confinement claim.  (*Id.* at 6-7.)  The District Court also dismissed, with prejudice, a Fourteenth Amendment due process claim.  (*Id.* at 7-8.)

4
5
6
7
8
9

On January 4, 2021, Defendants filed their notice of acceptance of service for the original complaint.  (ECF No. 16.)  Defendants filed their answer on February 11, 2021. (ECF No. 21.)  A scheduling order has not yet been entered in this action.  On February 25, 2021, Coleman filed his motion for leave to amend complaint (ECF No. 22), along with his proposed amended complaint (ECF No. 22-1).  Defendants filed a limited non-opposition to Coleman's motion for leave to amend complaint (ECF No. 23).

10

## II.    LEGAL STANDARD

11
12
13
14
15
16
17
18
19
20
21
22

Federal Rule of Civil Procedure 15(a)(2) instructs that "[t]he court should freely give leave [to amend a pleading] when justice so requires," and there is a strong public policy in favor of permitting amendment.  *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). The Ninth Circuit has made clear that Rule 15(a) is to be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (*per curiam*). Under Rule 15(a), courts consider various factors, including: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) the futility of the amendment; and (5) whether the plaintiff has previously amended his complaint.  *See id.* at 1052.  The factors do not weigh equally; as the Ninth Circuit has explained, prejudice receives greatest weight.  *See id.* Defendants bear the burden of establishing prejudice, and absent its presence or a "strong showing" under the other factors, there is a presumption in favor of permitting amendment. *Id.* (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186-87 (9th Cir. 1987)).

23
24
25
26
27
28

When considering prejudice, the court may weigh against the movant the amended pleading's great alteration of the litigation's nature and its effect of requiring an entirely new course of defense.  *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).  Alone, such alteration is not fatal.  *Id.*  In contrast, futility "alone can justify the denial of a motion for leave to amend."  *Nunes v. Ashcroft*, 375 F.3d 805, 809 (9th Cir. 2003).  Futility arises when the amendment is legally insufficient, *Miller v. Rykoff-Sexon,*

*Inc.*, 845 F.3d 209, 214 (9th Cir. 1988), or "where the amended complaint would . . . be subject to dismissal[,]" *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998).

## III.   DISCUSSION

Coleman moves to amend his complaint to add an additional defendant, caseworker "Southworth", to his Fourteenth Amendment due process claim.  (*See* ECF No. 22-1.)  In Defendants' limited non-opposition, they state their only issue is to the added defendant and whether he or she can be located. (ECF No. 23 at 2.)   Defendants do not make any argument as to whether the proposed amendment is made in bad faith, would cause undue delay, is prejudicial, is futile, or whether Coleman has previously amended his complaint.

Having reviewed Coleman's proposed amended pleading, the court finds that the motion for leave to amend complaint (ECF No. 22) should be granted, in its entirety as it is not made in bad faith, would not cause undue delay to the litigation, is not prejudicial to defendants, is not futile, and it is Coleman's first amended pleading.  *See Eminence Capital, LLC*, 316 F.3d at 1052.

## IV.   CONCLUSION

Based upon the foregoing, **IT IS ORDERED** that Coleman's motion for leave to amend complaint (ECF No. 15) is **DENIED as moot**;

**IT IS FURTHER ORDERED** that Coleman's motion for status check (ECF No. 20) is **DENIED as moot**;

**IT IS FURTHER ORDERED** that Coleman's motion for leave to amend complaint (ECF No. 22) is **GRANTED**;

**IT IS FURTHER ORDERED** that the Clerk of Court **FILE** the amended complaint (ECF No. 22-1), which is the operative complaint in this case;

**IT IS FURTHER ORDERED** that within twenty-one (21) days of the date of entry of this order, the Attorney General's Office shall file notice advising the court and Coleman of whether it can or cannot accept service on behalf of defendant "Southworth."   If the

Attorney General's Office cannot accept service on behalf of "Southworth", the Office shall file, under seal, but shall not serve Coleman, the last known address of "Southworth", if it has such information.  If the last known address of "Southworth" is a post office box, the Attorney General's Office shall attempt to obtain and provide the last known physical address.  If service cannot be accepted for "Southworth", Coleman shall file a motion requesting issuance of a summons, specifying a full name and address for "Southworth". If the Attorney General has not provided last-known-address information, Coleman shall provide the full name and address for "Southworth".

**IT IS FURTHER ORDERED** that all Defendants shall file and serve an answer or other response to the amended complaint within sixty (60) days from the date of this order.

**DATED**:   April 19, 2021

_____

**UNITED STATES MAGISTRATE JUDGE**